IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**NATIONWIDE MUTUAL**                                                               **PLAINTIFF**
 **INSURANCE COMPANY**

v.                           **CASE NO. 3:15CV00041 BSM**

**AUSTIN AQUINO et al.**                                                 **DEFENDANTS**

**ORDER**

Nationwide Mutual Insurance Company's motion for summary judgment [Doc. No. 25] is granted as to Austin Aquino and denied as to Al Aquino.

I.    BACKGROUND

Viewing the record in the light most favorable to defendants, the non-moving parties, the material facts are as follows. On August 22, 2013, Austin Aquino and Sue Garrison were involved in a car collision in Jonesboro, Arkansas. At the time of the accident, Austin Aquino was a minor and was driving a vehicle titled to his grandmother. Garrison subsequently sued Austin Aquino for her injuries and damages in the Circuit Court of Craighead County, Arkansas. She also sued Al Aquino and Carrie Wade, Austin Aquino's parents, under vicarious liability theory. At the time of the accident, Al Aquino and Wade were divorced. Wade lives in Jonesboro and is the custodial parent while Al Aquino lives in Texas.

At the time of the accident, Al Aquino had an automobile liability policy (the "policy") with Nationwide. After the parties inquired about the policy, Nationwide filed this lawsuit seeking a declaratory judgment that the policy does not cover Al Aquino or Austin

Aquino for Garrison's claims. Nationwide moves for summary judgment.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.   DISCUSSION

An insurer must defend its insured if there is a possibility that an injury or damages alleged against the insured in a lawsuit may fall within the policy coverage. *Ison v. S. Farm Bureau Cas. Co.*, 221 S.W.3d 373, 378 (Ark. 2006). When the terms of the insurance policy are clear, the language in the policy controls the determination of whether such injury or damage falls within the policy coverage. *Id.* When the policy language is ambiguous, however, the policy will be construed liberally in favor of the insured and strictly against the

insurer. *Id.* at 379. Policy language is ambiguous when there is doubt or uncertainty as to its meaning, and it is susceptible to more than one reasonable interpretation. *Anderson Gas & Propane, Inc. v. Westport Ins. Corp.*, 140 S.W.3d 504, 507 (Ark. 2004). When ambiguity exists, the meaning of the ambiguous term becomes a question for the fact-finder. *Id.*

  A. <u>Coverage of Austin Aquino under the Policy</u>

Summary judgment is granted as to Austin Aquino because it is undisputed that he is not covered by the policy. *See* E.D Ark. Local Rule 56.1(c) (warning that all material facts set forth in the statement filed by the moving party shall be deemed admitted unless controverted by the statement filed by the non-moving party); *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007) ("courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." Accordingly, Garrison's claims against Austin Aquino do not fall within the policy coverage.

  B. <u>Coverage of Al Aquino</u>

Summary judgment is denied as to Al Aquino because there are material issues of fact that must be resolved in order to determine whether he is covered. In relevant part, the policy provides: "[t]his coverage applies ... [to] a motor vehicle owned by a non-member of your household ... while the vehicle is being used by you or a relative." Ex. J at L2, Doc. No. 27. The policy "protects the user, and any person ... who does not own the vehicle but is responsible for the use." *Id.* The policy does not cover "losses involving a vehicle ...

furnished to you or a relative for regular use." *Id.* The policy therefore covers Al Aquino for Garrison's claims against him if: (1) the motor vehicle involved in the accident was not owned by him; (2) Austin Aquino was his relative under the policy; (3) he is legally responsible for the use of the vehicle by Austin Aquino; and (4) the vehicle was not furnished for Austin Aquino's regular use.

First, the vehicle is undisputably owned by Austin Aquino's grandmother, a non-member of Al Aquino's household. Second, at the time of the accident, the vehicle was being used by Austin Aquino, whom a reasonable juror could conclude is a relative of Al Aquino. Per policy language, a relative means "one who regularly resides in your household." Ex. J at D1, Doc. No 27. Although "reside" is not an ambiguous term, whether Austin Aquino resides in his father's household is a question of fact. *See Nationwide Prop. & Cas. Ins. Co. v. Faircloth*, No. 3:13-CV-236-DPM, 2015 WL 4943962, at *3 (E.D. Ark. Aug. 19, 2015); *Coley v. Amsler*, 290 S.W.2d 840, 841 (Ark. 1956) (holding that the determination of one residence is a fact question). A residence is:

> [A]n established abode, fixed permanently for a time for business or other purpose, although there may be an intent existing all the while to return ... at some time or other to the true domicile; but so difficult is it found to provide a definition to meet all the varying phases of circumstance that the determination of this question may present, that the courts say, that, subject to the general rule, each case must be decided on its own state of facts

*Lawrence v. Sullivan*, 205 S.W.3d 168, 170 (Ark. App. 2005) (quoting *Davis v. Holt*, 804 S.W.2d 362, 365 (Ark. 1991)). Importantly, a person can have several residences at one time. *Id.* Depending on the facts presented at trial, a reasonable fact-finder could conclude

4

that Austin Aquino resides in both of his parents' homes for insurance purposes if he regularly visits his father. *See Allstate Ins. Co. v. DiGiorgi*, 9 F. Supp. 2d 657, 660 (S.D.W. Va. 1998). In that the policy does not define "regularly," Nationwide's reliance on the fact that Austin Aquino's mother is his custodial parent is not dispositive. Moreover, the record contains no evidence indicating how often Austin Aquino visits his father. Third, whether Austin Aquino's use of the car was "regular use" requires a factual determination. *S. Farm Bureau Cas. Ins. Co. v. Pettie*, 924 S.W.2d 828, 834 (Ark. 1996). Finally, pursuant to Arkansas law, Al Aquino may be legally responsible for Austin Aquino's negligent use of the vehicle even though he is not the custodial parent and did not provide the car to Austin. *See* Ark. Code Ann. § 27-16-702( c )(1); *see also Rogers v. MFA Mut. Ins. Co.*, 554 S.W.2d 327, 330 (Ark. 1977).

IV.   CONCLUSION

For these reasons, Nationwide's motion for summary [Doc. No. 25] is granted as to Austin Aquino and Nationwide has no duty to defend him. Summary judgment is denied as to Al Aquino.

IT IS SO ORDERED this 12th day of January 2016.

_____
UNITED STATES DISTRICT JUDGE