**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**NATIONWIDE MUTUAL**                                                      **PLAINTIFF**
**INSURANCE COMPANY**

v.                               **CASE NO. 3:15CV00041 BSM**

**AUSTIN AQUINO et al.**                                             **DEFENDANTS**

**<u>ORDER</u>**

This case is dismissed for lack of jurisdiction. Nationwide Mutual Insurance Company's second motion for summary judgment [Doc. No. 39] and Al Aquino's motion to stay [Doc. No. 42] are denied as moot.

I.     BACKGROUND

The January 12, 2016, order [Doc. No. 36] granting in part Nationwide's first motion for summary judgment sets forth the facts in detail. Consequently, only the facts pertinent to the underlying motions are set forth herein.

Austin Aquino was involved in an automobile accident with Sue Garrison, and Garrison sued Austin, his mother, and his non-custodial parent, Al Aquino, in state court. Nationwide filed this lawsuit seeking an order declaring that the automobile insurance policy it issued to Al does not cover Al for the lawsuit filed by Garrison. At the time the summary judgment order was entered, there were two factual disputes: (1) whether Al was liable for the accident in which Austin was involved, and (2) whether the vehicle driven by Austin during the accident was furnished for Austin's regular use. If the answer to either of these inquiries is yes, then the policy does not cover Al.

When the Craighead County Circuit Court recently held that Al is not liable for the accident, Nationwide renewed its motion for summary judgment, contending that the circuit court's ruling is dispositive. Nationwide also contends that even without the circuit court's ruling, it is entitled to summary judgment because the vehicle driven by Austin was furnished by Austin's grandmother for his regular use.

After Nationwide filed its second motion for summary judgment, the circuit court certified its ruling for an interlocutory appeal to the Arkansas Court of Appeals. Without addressing Nationwide's "regular use" argument, Al moved for a stay of this case pending his state court appeal. When he was directed to address Nationwide's argument, Al conceded that summary judgment was appropriate based on the regular use exclusion. Garrison, however, opposes summary judgment.

## II.   DISCUSSION

This lawsuit is dismissed for lack of jurisdiction because Al's concession that the regular use exception bars coverage means Nationwide has no duty to defend or indemnify him and moots the only existing controversy. *See Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1384 (10th Cir. 2011) (a controversy exists on the issue of insurance coverage only when the parties to the insurance contract take adverse positions with respect to coverage) (citing Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241–42 (1937)). In that federal courts have limited jurisdiction and can only hear actual cases and controversies, this case must be dismissed. *Hickman v. State of Mo.*, 144 F.3d

1141, 1142 (8th Cir. 1998). Indeed, although Garrison objects to dismissal, she concedes that this case is moot if Al is not covered by the policy. *See* Garrison Br. Supp. Resp. Nationwide's Second Mot. Summ. J. at 12, Doc. No. 52 (arguing the state court's ruling that Al Aquino is not liable for the accident caused by his son moots this lawsuit because it extinguishes Nationwide's duty to defend or indemnify Al Aquino). Also, Garrison does not contend she has an independent legal interest in this lawsuit. Jurisdiction is therefore lacking.

### III.   CONCLUSION

For these reasons, this case is dismissed for lack of jurisdiction. Nationwide's second motion for summary judgment [Doc. No. 39] and Al Aquino's motion to stay [Doc. No. 42] are denied.

IT IS SO ORDERED this 4th day of August 2016.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE